LUCERO, Circuit Judge,
concurring in part and dissenting in part:
I join the holding that Seminole Tribe of Florida v. Florida, — U.S. -, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), does not deprive us of jurisdiction over Mr. Hurd’s ADEA claim against the state. I disagree, however, with the majority’s analysis of the Batson issue. My review of the record persuades me that plaintiff proved that the asserted reason for the peremptory strike against the only African-American juror was pretextual. In my view, the district court clearly erred when it ruled that the peremptory strike was not racially motivated.
The “Constitution prohibits all forms of purposeful racial discrimination in selection of jurors.” Batson v. Kentucky, 476 U.S. 79, 88, 106 S.Ct. 1712, 1718, 90 L.Ed.2d 69 (1986); see also Edmonson v. Leesville Concrete Co., 500 U.S. 614, 616, 111 S.Ct. 2077, 2080, 114 L.Ed.2d 660 (1991) (applying Bat-son in a civil context). Our commitment to equal justice under law, carved into stone outside the courthouse, would be mocked by allowing discriminatory peremptory challenges inside. The practice not only causes the silent sting of discrimination, it “mars the integrity of the judicial system and prevents the idea of democratic government from becoming a reality.” Edmonson, 500 U.S. at 628, 111 S.Ct. at 2087.
In this case, plaintiff established a prima facie case of racial discrimination by showing that defendant’s attorney excluded the only African American on the twenty-six person *1549 venire, a church pastor named Mr. Cunningham. See United States v. Joe, 8 F.3d 1488, 1499 (10th Cir.1993) (peremptory challenge of only Native-American juror on venire establishes prima facie case of purposeful discrimination). Defendant’s attorney justified the strike on grounds that Mr. Cunningham “was previously involved in a jury service where the jury found, in a civil case, for an employee in a railroad benefits matter.” Appellant’s App. at 79. This must be deemed a race-neutral explanation under Purkett v. Elem, 514 U.S. 765, -, 115 S.Ct. 1769, 1771, 131 L.Ed.2d 834 (1995) (“Unless a discriminatory intent is inherent in the ... explanation, the reason offered will be deemed race neutral.”) (citation and quotation omitted). See also Hernandez v. New York, 500 U.S. 352, 359, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991) (plurality opinion) (“In evaluating the race neutrality of an attorney’s explanation, a court must determine whether, assuming the proffered reasons for the peremptory challenges are true, the challenges violate the Equal Protection Clause as a matter of law.”).
Although defendant’s proffered reason was facially race-neutral, the sequence of events following the proffer demonstrates that it was pretextual. First, plaintiffs attorney explained that the proffered reason was factually wrong. The excluded juror, Mr. Cunningham, never said that the jury returned a verdict for the employee; he said only that the jury reached a verdict. The district court judge agreed that the proffered reason was inaccurate, and asked defendant’s counsel whether this was “the only basis on which you selected this particular juror.” Appellant’s App. at 80. Counsel replied, “That’s right, your Honor.” Id. Thus, the only reason defendant relied upon to strike Mr. Cunningham was known to be untrue by defendant’s attorney.[12] Moreover, the reason was exposed as false before the court approved the peremptory challenge, and before Mr. Cunningham learned that he had been struck. Yet defendant’s attorney persisted in excluding the sole African-American juror, even after realizing that the reason he gave for the" exclusion was incorrect. Under these circumstances, I conclude that the behavior of defendant’s attorney establishes discriminatory intent. The district court’s contrary findings are based almost entirely on observation of the attorney’s demeanor. On this record, the court’s generalized statements about a credible demeanor carry little weight.
In reaching a contrary conclusion, the majority faults plaintiff’s counsel for not explaining “how the mistake, which was an understandable error in recollection, should give rise to an inference of discrimination.” Majority Op. at 1548. Counsel did, however, reiterate the facts that gave rise to the inference of discrimination, by pointing out that Mr. Cunningham was the only black person on the entire venire. See Batson, 476 U.S. at 96, 106 S.Ct. at 1723 (party trying to prove racial animus “is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits ‘those to discriminate who are of a mind to discriminate.’ ” (quoting Avery v. Georgia, 345 U.S. 559, 562, 73 S.Ct. 891, 892, 97 L.Ed. 1244 (1953))). There is little else counsel could have done given he had already shown the falsity of the proffer, because exclusion of a juror for racial reasons can rarely be proven by direct evidence. Not only does an inference of discrimination continue to arise from the prima facie case but a very strong inference of discrimination was created by counsel’s continued reliance on a false reason as justification for the peremptory strike. What was, perhaps, an understandable error in recollection could no longer be regarded as such, once counsel was alerted to his mistake.
*1550 My review of this record leads me to conclude that the peremptory strike against Mr. Cunningham was racially motivated. I am left with the definite and firm conviction that the district court erred in ruling that race did not motivate the strike. I respectfully dissent from the majority’s holding to the contrary.

. Contrary to the majority, I do not rely on Mr. Cunningham’s prior jury service in an employment case, because those details were not relied upon by defendant or the district court. The district court regarded the proffered reason as completely inaccurate. Appellant’s App. at 26 (finding "as a matter of fact that counsel’s belief that this prospective juror had previously reached a plaintiff's verdict, although mistaken, was the true motivation for the peremptory challenge").